UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
NEW SOUTH INSURANCE COMPANY,                          :
:
Plaintiff,           :
:                    20 Civ. 4087 (JPC)
-v-                                    :
:                    ORDER
CAPITAL CITY MOVERS LLC *et al.*,                     :
:
Defendants.          :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Complaint alleges that this Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332, which requires diversity of citizenship. *See* Dkt. 1 ("Complaint") ¶ 9. The Complaint fails, however, to properly allege the citizenship of the two LLC Defendants, Capital City Movers LLC and First Rate Movers LLC. *Id.* ¶¶ 2-3. "[T]he citizenship of an unincorporated association . . . is determined by the citizenship of each of its members." *United Food Loc. 919 v. Centermark Props.*, 30 F.3d 298, 302 (2d Cir. 1994).

"Although a plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction, its failure to do so does not always require that the action be dismissed." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (citation omitted). That is because "the actual *existence* of diversity jurisdiction, *ab initio,* does not depend on the complaint's compliance with these procedural requirements." *Id.* (quotations omitted).

When a complaint fails to properly allege jurisdiction, courts generally have two options. One option is to "allow a complaint to be amended to assert" those "facts necessary to the

establishment of diversity jurisdiction." *Id.* (quotations omitted).  Another option is that "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, [a court] may simply deem the pleadings amended so as to properly allege diversity jurisdiction." *Id.* (quotations omitted).

Given that the parties are currently briefing motions for summary judgment, Dkts. 63, 66, supplementing the record—rather than amending the Complaint—would preserve judicial resources.  Thus, by March 11, 2022, Plaintiff must submit an affidavit outlining all Defendants' citizenships.  *See Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (ordering the parties after oral argument on appeal "to submit additional affidavits regarding the plaintiff's domicile and the defendant's state of incorporation" to establish whether diversity jurisdiction existed).  By March 18, 2022, the appearing Defendant, David Brown, must file a letter with his views as to whether diversity of citizenship exists.  If the parties dispute diversity jurisdiction, Brown should also file an affidavit addressing any facts Plaintiff includes in its affidavit or otherwise relevant to the diversity analysis.  Any other Defendant may also appear to file a letter and/or an affidavit regarding diversity by that date.  Plaintiff shall serve this Order on the non-appearing Defendants within two days of the date of this Order, and file proof of service on the docket.

SO ORDERED.

Dated: March 2, 2022
       New York, New York

_____
JOHN P. CRONAN
United States District Judge